USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 08/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ABDIEL ALVARADO DEL ROSARIO, et al.,

Plaintiffs,

-against-

26-cv-6691 (LAK)

DOMINO'S PIZZA LLC, et al.,

Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1332 and 1441. The notice of removal fails adequately to allege the existence of subject matter jurisdiction because, perhaps among other things, it fails adequately to allege:

- The citizenship of one or more natural persons. *See, e.g., Hakkila v. Consol. Edison of N.Y., Inc.*, 745 F. Supp. 988, 990 (S.D.N.Y. 1990) ("It is well established that domicile is not synonymous with residence."); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."); *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking . . . where on one side there are citizens and aliens and on the opposite side there are only aliens.").

Absent the filing, on or before August 17, 2026, of an amended notice of removal adequately alleging the existence of subject matter jurisdiction, this action may be remanded for lack of subject matter jurisdiction.

SO ORDERED.

Dated: August 10, 2026

/s/ Lewis A. Kaplan

Lewis A. Kaplan
United States District Judge